UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA R. STUTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BUREAU OF PRISONS, et al.,<br><br>    Defendants. | Case No.  13-cv-00537-JCS<br><br>**ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915 WITH LEAVE TO AMEND** |

Plaintiff asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the Federal Bureau of Prisons, wardens and doctors who allegedly failed to diagnose her with Lupus even though blood tests performed on several occasions when she was incarcerated in federal correctional institutions revealed low red and white blood cell counts and low platelets. Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is frivolous or malicious or fails to state a claim. *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court finds that Plaintiff's complaint fails to state a claim and therefore dismisses Plaintiff's complaint with leave to amend.

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this requirement, the complaint must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While

1  legal conclusions can provide the framework of a complaint," neither legal conclusions nor
2  conclusory statements are themselves sufficient, and such statements are not entitled to a
3  presumption of truth. *Id*. at 679.

4  "To state a *Bivens* claim, a plaintiff must allege that persons acting under color of federal
5  law violated plaintiff's constitutional rights." *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996). To
6  the extent Plaintiff is attempting to state a *Bivens* claim based on an alleged violation of the Eighth
7  Amendment, the applicable standard is one of deliberate indifference to inmate health or safety.
8  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334
9  (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to
10 prisoner). To state a *Bivens* claim based on alleged deliberate indifference as to the provision of
11 medical care, a plaintiff must allege both that the deprivation of medical care in question was
12 objectively serious, and that the defendant official acted with a subjectively culpable state of mind.
13 *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). "[A] complaint that a physician has been negligent in
14 diagnosing or treating a medical condition does not state a valid claim of medical mistreatment
15 under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

16 Plaintiff has alleged that a number of doctors at federal correctional facilities who
17 conducted blood tests failed to diagnose her with Lupus, alleging that they "knew or should have
18 known that their concealment/fraud did deny early diagnosis." However, she has not alleged any
19 facts that would support an inference that the failure to diagnose amounted to anything more than
20 negligence. In particular, notwithstanding the blood test results, Plaintiff has not alleged facts
21 showing a subjectively culpable state of mind, that is, that any of the defendants knew of and
22 disregarded a substantial risk of harm when they failed to diagnose her with Lupus.

23 Accordingly, the Court dismisses Plaintiff's complaint with leave to amend. An amended
24 complaint shall be filed within thirty (30) days of the date of this order. The Case Management
25 Conference set for September 20, 2013 is vacated. A new case management conference will be set
26
27
28

if Plaintiff is able to state a viable claim in her amended complaint.

**IT IS SO ORDERED.**

Dated:  July 23, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge